IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY RIVERA<br>and JAMIE RIVERA, Husband and Wife<br><br>　　　　Plaintiffs,<br><br>v.<br><br>HARTFORD INSURANCE COMPANY OF<br>THE MIDWEST a/k/a THE HARTFORD,<br>JUAN ELIZONDO and KENNETH SOYK<br><br>　　　　Defendants. | Case No. CIV-14-1082-HE<br><br>*(Removed from District Court<br>of Cleveland County,<br>Case No. CJ-2014-604)* |

## NOTICE OF REMOVAL

Defendant Hartford Insurance Company of the Midwest a/k/a The Hartford ("Hartford"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of Cleveland County, Oklahoma, to the United States District Court for the Western District of Oklahoma. The grounds for removal are as follows:

1.　Plaintiffs commenced this action entitled *Gregory Rivera and Jamie Rivera v. Hartford Insurance Co. of the Midwest a/k/a The Hartford, Juan Elizondo, & Kenneth Soyk*, CJ-2014-604 (the "Action"), by filing a Petition with the District Court of Cleveland County, Oklahoma (the "Petition"), on May 19, 2014. Plaintiffs did not serve the Petition on Hartford until September 15, 2014.

2.　The Petition purports to state claims against Hartford for breach of contract (Count I), bad faith (Count II), breach of fiduciary duty (Count III), negligence in the procurement of insurance (Count IV), constructive fraud and negligent misrepresentation

1

(Count V), negligent underwriting (Count VI), violations of the Oklahoma Consumer Protection Act (Count VII), and breach of the duty of good faith and fair dealing (Count VIII).

3.     The Petition in the Action is attached as Exhibit 1.  The Summons to Hartford is attached as Exhibit 2, and the Service of Process Transmittal is attached as Exhibit 3.  The Summons to Juan Elizondo ("Elizondo") is attached as Exhibit 4.[1]  The Summons to Kenneth Soyk ("Soyk") is attached as Exhibit 5.  A copy of the Docket Sheet, Cleveland County, Case No. CJ-2014-604, is attached as Exhibit 6.  Hartford is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1-6.  Moreover, there are no motions pending before the Cleveland County District Court in this matter, nor are any hearings currently set.

4.     As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because Hartford has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I.     Hartford has satisfied the procedural requirements for removal.**

5.     Plaintiffs served the Petition on Hartford on September 15, 2014.  *See* Exs. 2 & 3. Because this Notice of Removal is being filed within thirty days of service of the Petition on Hartford, it is timely under 28 U.S.C. § 1446(b).

---

[1] By consenting to this removal, neither Elizondo nor Soyk admits that their service was proper.  The Summonses for Elizondo and Soyk both purport to have been served on them on September 15, 2014.  *See* Exs. 3-4.

2

6. Moreover, Defendants Juan Elizondo and Kenneth Soyk consent to the removal of the Action. *See* Elizondo Aff. ¶ 5 (attached as Exhibit 7); Soyk Aff. ¶ 5 (attached as Exhibit 8).

7. Under 28 U.S.C. § 1446(a), the United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Cleveland County, Oklahoma, where the Action is pending. *See* 28 U.S.C. § 116(c).

8. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

## II. Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

9. This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) between citizens of different states. Thus, the Action may be removed to this Court by Hartford pursuant to 28 U.S.C. § 1441(a).

### A. The amount in controversy requirement is satisfied.

10. Plaintiffs seek actual and punitive damages, plus attorneys' fees, costs, and interest, including pre-judgment and post-judgment interest. *See* Ex. 1, Pet. Plaintiffs have failed to comply with the Oklahoma Pleading Code, which requires that a pleading demanding relief for damages in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction," except in actions sounding in

contract, and that pleadings demanding relief less than the amount required for diversity jurisdiction "shall specify the amount of such damages sought to be recovered." Okla. Stat. tit. 12, § 2008(A)(2).[2]

11. A "plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). "This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *Id.*

12. The defendant seeking removal need only prove—by a preponderance of the evidence—"jurisdictional *facts* that make it *possible* that $75,000 [is] in play." *Id.* Once such facts are proven, the defendant is "entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.* at 954.

13. "[P]laintiff[s'] proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff[s'] claim.' . . . [D]ocuments that demonstrate plaintiff[s'] own estimation of [their] claim are a proper means of supporting the allegations in the notice of removal, even though they

---

[2] While this provision was originally included in the Comprehensive Lawsuit Reform Act of 2009 (CLRA), which was held unconstitutional due to "logrolling" in *Douglas v. Cox Retirement Properties, Inc.*, 2013 OK 37, 302 P.3d 789, this statute was subsequently amended in 2013 by a single-subject bill and this provision was cured by the amendment. *See In re Application of Oklahoma Development Finance Authority*, 2013 OK 74, 312 P.3d 926; HB 1011, 54th Leg., 1st Spec. Sess. (Okla. 2013). The amendatory bill specifically stated that the provision conforms the statute to the holding in *Douglas*. *See* HB 1011, § 6.

cannot be used to support the ultimate amount of liability." *McPhail*, 529 P.3d at 956 (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)).  Here, Plaintiffs' counsel estimated damage to Plaintiffs' property to be $207,782.20, plus "reasonable and necessary attorneys fees and costs," and which does not include any claimed damages or amounts for the numerous other claims asserted in Plaintiffs' Petition.  *See* Letter from Phillip N. Sanov, counsel for Plaintiffs, to Kenneth Soyk, Hartford Insurance Company of the Midwest, at 2-3 (June 10, 2004), attached hereto as Exhibit 9.[3]

14.   Another method by which removing defendants may present the necessary proof is by "estimating potential damages from the allegations of the plaintiff's pleading." *Schrader ex rel. Doe v. Farmers Ins. Co.*, No. CIV-08-595-D, 2008 WL 2782710, at *1 (W.D. Okla. July 7, 2008); *see also McPhail*, 529 F.3d at 955 ("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal.").  Plaintiffs separately claim actual damages "in an amount in excess of Ten Thousand Dollars ($10,000.00)" in relation to six of the eight causes of action.  *See* Ex. 1, Pet., ¶¶ 22, 31, 40, 56, 69, 85.  These amounts sum to an amount in excess of $60,000.  *See Munoz v. Fed. Nat'l Mortg. Ass'n*, No. CV-13-1826-PHX-GMS, 2014 WL 3418447, at *2 (D. Ariz. July 14, 2014) (holding that when an amount of damages is asserted for individual causes of action, the amount in controversy is the sum of those amounts).

---

[3] The Court may consider evidence and documents outside the pleadings in determining whether it has subject matter jurisdiction over a controversy.  *Cf. Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

15. Among their other claims, Plaintiffs seek recovery for breach of contract and contract reformation. *See* Ex. 1, Pet. ¶¶ 16-23, 70. Such claims involve the policy at issue, which has a coverage limit of $223,000 for dwelling coverage alone. *See* Policy Declarations, attached hereto as Exhibit 10. Because Plaintiffs have not alleged a specific amount claimed on their breach of contract claim in their Petition—in addition to seeking reformation—they have put the entirety of the policy at issue for purposes of determining the amount in controversy.

16. Plaintiffs also seek "[a]ttorneys' fees, costs, and interest." Ex. 1, Pet., at 17. Attorneys' fees may be included in the amount in controversy where they are authorized by state law. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). While Plaintiffs do not specify the law under which they seek attorneys' fees, their attorney, by signing the Petition, certified that to the best of his knowledge, information, and belief, that legal contention was warranted by existing law or by non-frivolous argument for the modification of existing law or establishment of new law. *See* Okla. Stat. tit. 12, § 2011(B). In fact, it appears that Plaintiffs seek attorneys' fees as a substantive component of their claimed damages. *See* Ex. 1, Pet. A reasonable attorneys' fee award to Plaintiffs would certainly cause the amount in controversy to exceed $75,000.

17. Finally, Plaintiffs allege punitive damages on multiple claims. *See* Ex. 1, Pet., ¶¶ 23, 32, 41, 57, 71, 86; *see also id.* Prayer for Relief. Under Oklahoma law, punitive damages may reach up to $100,000 even at the lowest level of culpability. Okla. Stat. tit. 23, § 9.1(B). This possible recovery is sufficient for removal. *See Hartsfield v.*

*Farmers Ins. Co.*, No. CIV-10-585-C, 2010 WL 3895716, at *2 (W.D. Okla. Sept. 30, 2010) ("Plaintiff's claim of $32,820.12 in contract damages together with compensatory and punitive damages . . . makes it possible that $75,000 is at play.  Consequently . . . Defendant has satisfied its burden of showing over $75,000 is in controversy." (footnote and citation omitted)); *Schrader*, 2008 WL 2782710, at *1 (denying remand when defendant supported the amount in controversy by pointing to possible tort recovery under Oklahoma's punitive damages statute).

18. Any of the following, taken in combination or as a whole—i.e., (1) Plaintiffs' settlement offer, (2) the aggregation of Plaintiffs' individual damages' claims, (3) the amount of coverage at issue, (4) Plaintiffs' attorneys' fees request, and/or (5) Plaintiffs' punitive damages request—shows that Plaintiffs have put an amount in excess of the sum or value of $75,000, exclusive of interest and costs, at issue in this litigation. *See Lopez v. Farmers Ins. Co.*, No. CIV-10-584-HE, 2010 WL 2977301, at *1 (W.D. Okla. July 27, 2010) (combining multiple assertions regarding damages to determine that the amount in controversy requirement was met in relation to a Notice of Removal).

19. Once the underlying jurisdictional facts are established, a defendant is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake. *McPhail*, 529 F.3d at 954.

**B.    Complete diversity of citizenship exists between Plaintiffs and Defendants.**

20. Plaintiffs are residents of Moore, Oklahoma.  *See* Ex. 1, Pet., ¶ 1. Residence, while not equivalent to citizenship, is prima facie evidence of domicile. *See*

*State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Based on the foregoing and upon information and belief, Plaintiffs are both citizens of Oklahoma.

21. Hartford is incorporated in Indiana with a statutory home office in Indianapolis, Indiana, and its main administrative office and principal place of business in Connecticut. *See* Ex. 11, Declaration of Jodi W. Dishman; *see also* Ex. 1, Pet., ¶ 2. For purposes of determining diversity jurisdiction, Hartford is therefore a citizen of Indiana and Connecticut.

22. Juan Elizondo is an individual domiciled in Illinois. *See* Ex. 7, Elizondo Aff.

23. Kenneth Soyk is an individual domiciled in Illinois. *See* Ex. 8, Soyk Aff.

24. "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Elizondo and Soyk meet this test. *See* Exs. 7 & 8. "[A] person is a citizen of a state if the person is domiciled in that state." *Middleton*, 749 F.3d at 1200. Therefore, for purposes of determining diversity jurisdiction, both Elizondo and Soyk are citizens of Illinois.

25. Hartford reserves the right to amend or supplement this Notice of Removal.

26. Hartford reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b).

27.     Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Hartford removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted this 6th day of October, 2014.

*s/ Jodi W. Dishman*
Jodi W. Dishman, OBA # 20677
Andrew J. Morris, OBA # 31658
McAfee & Taft A Professional Corporation
211 North Robinson, 10th Floor
Oklahoma City, OK  73102
Telephone:   (405) 235-9621
Facsimile:   (405) 235-0439
E-mail:      jodi.dishman@mcafeetaft.com
             andrew.morris@mcafeetaft.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

J. Drew Houghton
Larry Bache
Phillip N. Sanov

ATTORNEYS FOR PLAINTIFF

Additionally, I hereby certify that a true and correct copy of the above and foregoing was sent by U.S. Postal Service this 6th day of October, 2014, to:

J. Drew Houghton, OBA #18080
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73189
dhoughton@fosheeyaffe.com

Larry Bache, Esq.
MERLIN LAW GROUP
FL State Bar No: 91304
777 S. Harbour Blvd., 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com

Phillip N. Sanov, Esq.
TX State Bar No.: 17635959
Three Riveryway, Suite 701
Houston, TX 77056
psanov@merlinlawgroup.com

ATTORNEYS FOR PLAINTIFF

*s/ Jodi W. Dishman*
Jodi W. Dishman