STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY }
FILED

MAY 19 2014

In The Office of the
Court Clerk RHONDA HALL

## IN THE DISTRICT COURT OF CLEVELAND COUNTY
## STATE OF OKLAHOMA

GREGORY RIVERA and         )
JAMIE RIVERA, Husband and Wife,    )
                                  )

         Plaintiffs,           )
                                  )

*versus*                         )    Case No. CJ-2014-604-TB
                                  )

HARTFORD INSURANCE COMPANY OF    )
THE MIDWEST a/k/a THE HARTFORD,    )
JUAN ELIZONDO and KENNETH SOYK,    )
                                  )

         Defendants.         )

## PETITION

    **COMES NOW** the Plaintiffs, GREGORY RIVERA and JAMIE RIVERA,

Husband and Wife (hereinafter "Plaintiffs"), and for their causes of action against

Defendants, HARTFORD INSURANCE COMPANY OF THE MIDWEST a/k/a THE

HARTFORD ("HARTFORD"), JUAN ELIZONDO ("ELIZONDO") and KENNETH

SOYK ("SOYK") (hereinafter collectively "Defendants") hereby states as follows:

### STATEMENT OF FACTS

1.     Plaintiffs are residents of Moore, Cleveland County, Oklahoma. Plaintiffs'

    insured dwelling is located at 121 SW 10th Street, Moore, Oklahoma 73160.

2.     Defendant, HARTFORD is a corporation incorporated under the laws of the State

    of Indiana, and is an insurance company registered to engage in the business of

    insurance in the State of Oklahoma.

3.     Defendant, ELIZONDO upon information and belief, is a licensed insurance

    adjuster in the State of Oklahoma. This cause of action arises out of Defendant's

    actions and/or inactions during the investigation and evaluation of Plaintiffs'

1



claim. This Defendant is an individual that was hired as an adjuster by one or more other Defendants herein.

4. Defendant, SOYK upon information and belief, is a licensed insurance adjuster in the State of Oklahoma. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiffs' claim. This Defendant is an individual that was hired as an adjuster by one or more other Defendants herein.

5. Defendant, HARTFORD is a broker/agent to Plaintiffs regarding all aspects of the sale of insurance products to the Plaintiffs covering their property and its contents. Plaintiffs contract for insurance was purchased directly from Defendant, HARTFORD, and not by or through an independent or captured insurance agent or agency.

6. Plaintiffs entered into a contract for insurance with Defendant, HARTFORD to provide coverage for their property and its contents. Plaintiffs' insured property is located in Cleveland County, Oklahoma.

7. Plaintiffs purchased the policy of insurance from Defendant, HARTFORD. At the time Plaintiffs purchased the policy of insurance with Defendant, HARTFORD, the Defendant, HARTFORD was acting as a broker/agent to the Plaintiffs.

8. Defendant, HARTFORD was familiar with Plaintiffs and has served as Plaintiffs' insurance broker/agent for their insurance needs. Defendant, HARTFORD advised Plaintiffs of the need to maintain replacement cost coverage on the property.

9.  Plaintiffs relied on Defendant, HARTFORD's representations and purchased the same. Plaintiffs trusted and believed Defendant HARTFORD had the requisite insurance broker/agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiffs requested.

10. Thereafter Defendant, HARTFORD issued the Home Advantage homeowners policy, Policy No. 18 RB 158101 (the "Policy"), to the Plaintiffs.

11. Defendant, HARTFORD directly represented to the Plaintiffs that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiffs relied on said representations.

12. On or about May 20, 2013, the property insured by Plaintiffs under the subject Policy was severely damaged as a direct result of a catastrophic tornado.

13. Plaintiffs timely and properly submitted a claim to Defendant, HARTFORD for the property damage incurred due to the catastropic tornado.

14. Defendant, HARTFORD confirmed that the cause of Plaintiffs' property damage claim was due to the catastrophic tornado and that the loss was covered under the terms and conditions of the Policy with Defendant, HARTFORD. Defendant, HARTFORD assigned a claim number of PP0011298867.

## STATUTORY AUTHORITY

15. This suit is being brought, in part, under the Oklahoma Unfair Settlement Practices Act, Okla. Stat. Ann. §36-1250.5; the Oklahoma Consumer Protection Act, 15 Oka. Stat. §753, and the Oklahoma Insurance Code, 36 O.S. §101 *et seq.*

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

16. Plaintiffs adopt and incorporate by reference paragraphs 1 through 15 above as if

fully plead herein, and for further claims against the Defendant, HARTFORD allege as follows:

17.    Plaintiffs entered into a contract for insurance with Defendant, HARTFORD to provide coverage for the dwelling and personal property.

18.    At all times material hereto, the Policy of insurance, Policy No. Policy No. 18 RB 158101, was in full force and effect.

19.    Plaintiffs provided timely and proper notice of their claims of property damage resultant from the May 20, 2013 catastrophic tornado.

20.    Plaintiffs have complied with the terms and conditions and all conditions precedent under the Policy of insurance.

21.    This notwithstanding, the Defendant, HARTFORD has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiffs by failing to pay Plaintiffs all benefits owed.

22.    As a result of the Defendant, HARTFORD's breach of contract the Plaintiffs have sustained financial losses and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

23.    The conduct of Defendant, HARTFORD was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SECOND CAUSE OF ACTION
## BAD FAITH

24.    Plaintiffs adopt and incorporate by reference paragraphs 1 through 23 above as if fully plead herein, and for further claims against the Defendants allege as follows:

25. Defendants each owed a duty to Plaintiffs to deal fairly and act in good faith.

26. Defendants breached their duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

    a. Failing to pay the full and fair amount for the property damage sustained by Plaintiffs during the May 20, 2013 catastrophic tornado in accordance with the terms and conditions of the insurance Policy.

    b. Failing to pay all additional coverages due and owing to Plaintiffs under the terms and conditions of the insurance Policy.

    c. Reducing the fair amount of Plaintiffs' claims unfairly and without a valid basis.

    d. Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiffs under the terms and conditions of the insurance policy.

    e. Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiffs' claim.

    f. Forcing Plaintiffs to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the insurance contract.

    g. Failing to conduct a fair and objective investigation of the damage to Plaintiffs' property.

    h. Intentionally engaging in an outcome oriented investigation.

    i. Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiffs and other similarly situated

insureds as a cost-saving mechanism.

27.   Defendants' obligations to the Plaintiffs arise from both express written terms under the insurance policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

28.   Defendants' failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

29.   Defendants' conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiffs and constitutes bad faith.

30.   As a direct and proximate result of Defendants' unfair claims handling conduct, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid.  Said actions resulted in additional profits and a financial windfall to Defendant HARTFORD.

31.   As a result of Defendants' conduct the Plaintiffs have sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

32.   The conduct of Defendants' was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

33.   Plaintiffs further allege Defendants enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## THIRD CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

34.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 33 above as if

fully plead herein, and for further claims against the Defendants allege as follows:

35.  Due to the unequal bargaining power between Plaintiffs and Defendants, the quasi-public nature of insurance, and the potential for Defendants to unscrupiously exploit that power at a time when Plaintiffs were most vulberable, a special relationship akin to that of a fiduciary duty exists between Plaintiffs and Defendants.

36.  As a result of the special relationship, Defendants owed a fiduciary duty to their insured to act in a manner consistent with the best interests of their insured.

37.  A fiduciary duty existed between Plaintiffs and Defendants.  The overwhelming influence of Defendant, HARTFORD over Plaintiffs, and Plaintiffs' dependency and trust in HARTFORD's assurance it could procure the insurance policy Plaintiffs requested creates a fiduciary status.

38.  Given the specialized knowledge the Defendant, HARTFORD possessed with regard to the terms and conditions of the insurance policy, the Defendant, HARTFORD's duty to act reasonably created such a special relationship so as to make the Defendant, HARTFORD a fiduciary.

39.  The Defendants breached their fiduciary duties owed to the Plaintiffs.

40.  As a result of Defendants' breach of fiduciary duties, Plaintiffs sustained financial losses and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

41.  The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

42.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 41 above as if fully plead herein, and for further claims against the Defendants allege as follows:

43.   Defendant, HARTFORD was familiar with Plaintiffs and had been hired as Plaintiffs' insurance broker/agent for their property insurance needs... In this capacity, Defendant, HARTFORD advised Plaintiffs of the need to purchase and maintain the more expensive replacement cost coverage so that their residential property would be replaced in the event of damage or destruction to their property by a covered loss.

44.   Plaintiffs relied upon Defendant, HARTFORD's representations and annually purchased the suggested coverage by paying a higher premium each year.

45.   Defendant, HARTFORD procured the subject replacement cost policy for Plaintiffs.

46.   At all times relevant hereto, the Defendant, HARTFORD was a broker/agent of the Plaintiffs.

47.   Defendant, HARTFORD owed Plaintiffs a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for Plaintiffs, and in the notification of insurance coverage options to the Plaintiffs.

48.   Defendant, HARTFORD had a duty to inform Plaintiffs of all coverages, benefits, limitations and exclusions in the coverage procured.

49.   Defendant, HARTFORD breached its duty owed to Plaintiffs and is liable to the Plaintiffs because the insurance requested by Plaintiffs was not procured as promised and Plaintiffs suffered a loss.

50.    Defendant, HARTFORD breached its duty owed to Plaintiffs by:

    a.    Procuring an insurance policy that did not serve to fully replace its insured property when it was damaged or destroyed by a covered loss.

    b.    Procuring an insurance policy that did not accurately reflect the reasonable expectations of the Plaintiffs.

    c.    Failing to inform Plaintiffs of the limitations of the insurance policy procured for Plaintiffs.

51.    Defendant, HARTFORD was negligent and breached its duty owed to Plaintiffs by failing to review the policy procured for Plaintiffs to ensure it provided appropriate and adequate coverage.

52.    Plaintiffs reasonably believed the insurance policy procured and mainained by Defendant, HARTFORD was in conformity to their agreement with HARTFORD.

53.    Plaintiffs relied upon Defendant, HARTFORD to procure and maintain appropriate and adequate coverage.

54.    Defendant, HARTFORD knew or should have known Plaintiffs relied upon them to procure appropriate and adequate coverage, and it is foreseeable that the failure to procure appropriate and adequate coverage for Plaintiffs could unnecessarily expose Plaintiffs to significant harm, losses and damages.

55.    The Defendant, HARTFORD was a broker/agent of the Plaintiffs, and Defendant, HARTFORD is vicariously liable for the conduct of Defendant, HARTFORD's agents, servants and/or employees responsible in whole, or in part, for the insurance policy it procured for the Plaintiffs.

56.   As a result of Defendants' conduct, Plaintiffs have sustained financial losses and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

57.   The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## FIFTH CAUSE OF ACTION
## CONSTRUCTIVE FRAUD AND
## NEGLIGENT MISREPRESENTATION

58.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 57 above as if fully plead herein, and for further claims against the Defendants allege as follows:

59.   Defendant, HARTFORD had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiffs of insurance coverage options.

60.   Defendant, HARTFORD breached its duty to Plaintiffs by misrepresenting to Plaintiffs as follows:

   a.   That the insurance procured was truly one of "replacement."

   b.   That the amount of coverage procured, and for which premiums were paid, was equal to the estimated replacement cost of Plaintiffs' property.

   c.   That the amount of coverage procured would provide the coverage necessary for Plaintiffs to replace their property in the event it was destroyed by a covered event.

   d.   The the insurance policy procured would comply with Plaintiffs' reasonable expectations that the property would be restored to its pre-loss condition in the event of a covered loss.

61. That as a result of Defendant, HARTFORD's breach of duty, the Defendant, HARTFORD gained an advantage to the prejudice and detriment of Plaintiffs.

62. Defendant, HARTFORD misrepresented the nature of the insurance policy procured for Plaintiffs.

63. Defendant, HARTFORD misrepresented the policy as one which was necessary to provide appropriate and adequate coverage for Plaintiffs' dwelling and personal property.

64. Defendant, HARTFORD misrepresented the policy was one which was in an amount necessary to replace Plaintiffs' property in the event it was destroyed by a covered event.

65. Defendant, HARTFORD's misrepresentations constitute constructive fraud.

66. Plaintiffs were induced to accept and purchase the Defendant, HARTFORD's policy of insurance by Defendant, HARTFORD's misrepresentations and constructive fraud.

67. Plaintiffs were misled by Defendant, HARTFORD's misrepresentations and constructive fraud.

68. The Defendant, HARTFORD was a broker/agent of the Plaintiffs, and for purposes of these misrepresentations the Defendant, HARTFORD, is vicariously liable for the conduct of Defendant, HARTFORD's agents, servants and/or employees.

69. As a result of the Defendants' misrepresentations and constructive fraud, Plaintiffs have sustained financial losses and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs,

and all interest allowed by law.

70. Plaintiffs are further entitled to reformation of the insurance contract to provide coverage consistent with the Defendant, HARTFORD's misrepresentations.

71. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SIXTH CAUSE OF ACTION
### NEGLIGENT UNDERWRITING

72. Plaintiffs adopt and incorporate by reference paragraphs 1 through 71 above as if fully plead herein, and for further claims against the Defendants allege as follows:

73. At the time the insurance Policy was sold to Plaintiffs, Defendants were obligated to utilize reasonable valuation methodology to determine the costs which Defendants considered necessary to cover the replacement costs of Plaintiffs' property. As such, Defendants were then prohibited from writing a policy for more insurance than they considered necessary to cover the replacement cost of Plaintiffs' property as determined at the time the subject policy was written.

74. Thereafter, Defendants owed a duty to Plaintiffs to exercise good faith, reasonable care, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage once the insurer-insured relationship was established.

75. Defendants breached their duties to Plaintiffs to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiffs' dwelling and/or personal property.

76. Defendants' breach resulted in both inconsistent and inaccurate replacement cost valuations whereby the Plaintiffs paid premiums for policy limits that did not accurately reflect the risks insured.

77. Defendants further breached their duties by automatically applying Defendant, HARTFORD's annual inflationary adjustments which were utilized to increase Plaintiffs' policy limits and premiums without regard to whether or not the inflationary adjustment increase was necessary in relation to the property's valuation at the time.

78. The conduct and inconsistencies referenced herein violate Defendants' duties of good faith and fair dealing implicit in the insurance contract with Plaintiffs and other Oklahoma policyholders.

79. Defendants' obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code and Defendants' failure to implement and/or follow Oklahoma's statutory Insurance Code also constitutes unfair claims handling.

80. Defendants' conduct referenced herein constitutes a breach of this duty of good faith and fair dealing which is inherent in all insurance contracts within the State of Oklahoma.

81. Defendants' failure to procure the proper insurance product morally and legally requires it to be held to a duty of reasonable care, and that the burden of the resulting liability for breach of this duty be imposed upon them. This duty exists to foreseeability of the harm to Plaintiffs which could occur as a result of failure to underwrite or procure adequate and appropriate insurance; the procurement of

inadequate and improper insurance is the direct cause of the harm and injury suffered by Plaintiffs; and the moral blame for the failure to procure and underwrite the current policy lies with the Defendants.

82. Further, the burden on the Defendants of imposing a duty to exercise care in procuring and underwriting the correct insurance policy for the needs of the insured (with resulting liability for breach thereof) is minimal given the expertise and uneven bargaining power of the Defendants, and Defendants' representations of being an expert in the field of providing insurance to the general public, such as Plaintiffs.

83. Plaintiffs relied on Defendants to conduct an appropriate underwriting analysis to ensure and maintain an insurance policy which provided appropriate and adequate coverage.

84. Defendants breached their duties owed to Plaintiffs by failing to conduct an appropriate underwriting analysis which resulted in issuing a policy of insurance to Plaintiffs that did not provide appropriate and adequate coverage to Plaintiffs.

85. As a result of the Defendants' conduct, Plaintiffs have sustained financial losses and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

86. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

### SEVENTH CAUSE OF ACTION
### VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT

87. Plaintiffs adopt and incorporate by reference paragraphs 1 through 86 above as if

fully plead herein, and for further claims against the Defendants allege as follows:

88.    Plaintiffs bring forth each and every cause of action alleged above under the Oklahoma Consumer Protection Act pursuant to its tie-in provision.

89.    At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendants.

90.    Defendants have violated the Oklahoma Consumer Protection Act in the manners including, but not limited to, the following:

(1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Engaging in an unconscionable course of conduct.

(4) At all material times hereto, Plaintiffs were consumers of insurance services or products of Defendants, and Plaintiffs would show that Defendants' violations as set forth above, constitute a violation of the Oklahoma Consumer Protection Act, causing Plaintiffs damages.

(5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendants have engaged in an unconscionable action or course of action as prohibited by the Oklahoma Consumer Protection Act, in that Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted

in a gross disparity between the consideration paid in the transaction and the value received.

### EIGHTH CAUSE OF ACTION
### BREACH OF COMMON LAW
### DUTY OF GOOD FAITH AND FAIR DEALING

91.    Plaintiffs adopt and incorporate by reference paragraphs 1 through 90 above as if fully plead herein, and for further claims against the Defendants allege as follows:

92.    Defendants' conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance contract.

93.    Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

94.    Defendants' failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

### PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiffs prays for judgment against Defendants, HARTFORD, ELIZONDO and SOYK for:

a.    Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject Policy of insurance for damage to their dwelling and personal property caused by the May 20, 2013 catastrophic tornado, together with interest on all amounts due;

b.    Disgorgement of the incureased financial benefits derived by Defendants

as a direct result of Defendants' wrongful or intentional, willful, malicious and/or reckless conduct;

c.   Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00); and

d.   Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

J. DREW HOUGHTON, OBA # 18080
**FOSHEE & YAFFE**
P.O. Box 890420
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fosheeyaffe.com

**MERLIN LAW GROUP**

Larry Bache, Esq.
FL State Bar No: 91304
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com
T: 813-229-1000
F: 813-229-3692

Phillip N. Sanov, Esq.
TX State Bar No: 17635959
Three Riverway, Suite 701
Houston, Texas 77056
psanov@merlinlawgroup.com
T: 713-626-8880
F: 713-626-8881

*ATTORNEYS FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**