IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GREGORY RIVERA and )
JAMIE RIVERA, )
)
       Plaintiffs, )
vs. ) NO. CIV-14-1082-HE
)
HARTFORD INSURANCE COMPANY )
OF THE MIDWEST a/k/a THE
HARTFORD, *et al.,* )
)
       Defendants. )

# ORDER

Plaintiffs Gregory Rivera and Jamie Rivera filed this action in state court against their insurer, Hartford Insurance Company of the Midwest a/k/a The Hartford ("Hartford"), and two adjusters, Juan Elizondo and Kenneth Soyk. They asserted various claims based on alleged damage to their property that occurred as the result of a May 2013 tornado. Hartford removed the action on the basis of diversity jurisdiction and filed a partial motion to dismiss.[1] Plaintiffs and defendants then stipulated to the dismissal of plaintiffs' claims against defendants Elizondo and Soyk without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), leaving plaintiffs' claims against Hartford.

When considering whether a plaintiff's claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). All that is required is "a short and plain

---

[1]*Elizondo and Soyk consented to the removal.*

statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). As explained by the Tenth Circuit, the Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." Id. at 640-41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir.2012)).[2]

Plaintiffs assert a breach of contract claim, a bad faith tort claim, a breach of fiduciary duty claim, a negligent procurement claim, a constructive fraud/negligent misrepresentation claim, a negligent underwriting claim, a claim based on violations of the Oklahoma Consumer Protections Act and a claim based on the common law duty of good faith and fair dealing. In its motion Hartford challenges all but plaintiffs' breach of contract claim.

---

[2]*After removal the federal pleading standards govern the sufficiency of the allegations of the complaint. See Fed.R.Civ.P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").*

Hartford initially contends plaintiffs' allegations are insufficient to state a breach of fiduciary duty claim under Oklahoma law. The court agrees. Plaintiffs do not cite any Oklahoma case holding that an insurer owes a fiduciary duty to its insureds. They also have not pled <u>facts</u> demonstrating that a basis exists for imposing a fiduciary duty on Hartford. Broad, conclusory allegations such as the following simply do not suffice:

> Due to the unequal bargaining power between Plaintiffs and Defendants, the quasi-public nature of insurance, and the potential for Defendants to unscrupulously exploit that power at a time when Plaintiffs were most vulnerable, a special relationship akin to that of a fiduciary duty exists between Plaintiffs and Defendants.

Doc. #1-1, p. 7, ¶35. *See* <u>Cosper v. Farmers Ins. Co.</u>, 309 P.3d 147, 150 (rejecting insureds' breach of fiduciary duty claim against their insurer, citing <u>Swickey v. Silvey Cos.</u>, 979 P.2d 266, 269 (Okla.Civ.App. 1999) where "the court held an insureds' relationship with their insurer was at arms' length and they did not stand in any recognized form of 'special relationship'"). Plaintiffs' breach of fiduciary duty claim will be dismissed.

Hartford next challenges plaintiffs' negligence claims (negligence procurement, constructive fraud/negligent misrepresentation and negligent underwriting). Plaintiffs allege that Hartford advised them they needed to purchase replacement cost coverage, but "breached its duty owed" to them "because the insurance requested by Plaintiffs was not procured as promised and Plaintiffs suffered a loss." Doc. #1-1, p. 8, ¶ 49. They assert Hartford issued a policy that "did not serve to fully replace its insured property when it was damaged" and that "did not accurately reflect the reasonable expectations of the

Plaintiffs," *id.* at p.9, ¶ 50, and "fail[ed] to inform Plaintiffs of the limitations of the insurance policy." *Id.* Plaintiffs allege that Hartford misrepresented the coverage obtained for them and, in support of their negligent underwriting claim, assert that defendants failed to "conduct an appropriate underwriting analysis which resulted in issuing a policy of insurance to Plaintiffs that did not provide appropriate and adequate coverage." *Id.* at p. 14, ¶84.

As Hartford points out, Oklahoma has not imposed a duty on insurance companies and their agents to advise an insured with respect to his insurance needs, Cosper, 309 P.3d at 149, or explain the policy terms. National Fire Ins. Co. Of Hartford v. McCoy, 239 P.2d 428, 430 (Okla.1951) (Under Oklahoma law "[i]t is the duty of the insured to read and know the contents of the policy before he accepts it, and where he fails or neglects to do so he is estopped from denying knowledge of its terms and conditions, unless he alleges and proves that he was induced not to read the policy by trick or fraud of the other party.") (internal quotations omitted). The Oklahoma courts also have refused to "impose a duty upon an insurer to provide an 'adequate amount' of coverage," when the "Plaintiffs did not allege that they requested a specific coverage limit and Defendants disregarded the request and issued a policy in some other amount."[3] *Id.* Plaintiffs respond that "Oklahoma courts acknowledge[] that an insurance agent has a duty to provide coverage which is specifically requested by the insured." Doc. #13, p. 5.

---

[3]The court noted that nothing in the record showed that the insurance agent "played any part in setting a coverage limit." Cosper, 309 P.3d at 149.

The problem is plaintiffs do not allege in their complaint[4] that they actually requested <u>specific</u> coverage which Hartford failed to provide. Instead, they make the general assertion that they "trusted and believed Defendant HARTFORD had the requisite insurance broker/agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiffs requested." Doc. #1-1, p. 3, ¶9. The lack of factual allegations demonstrating a specific breach of duty renders plaintiffs' negligent procurement claim insufficient. Without an underlying duty, their constructive fraud/misrepresentation claim and negligent underwriting claims also fail. *See* 15 Okla. Stat. § 59; <u>Silver v. Slusher</u>, 770 P.2d 878, 882 n. 11 (Okla. 1988) ("Although constructive fraud need not involve intent to deceive and may be based on a negligent or innocent misrepresentation, it requires a breach of some legal or equitable duty").

As to plaintiffs' claim under the Oklahoma Consumer Protection Act ("OCPA"), 15 Okla. Stat. §§ 751-764.1, Hartford argues that its activities are regulated by the Insurance Commissioner and hence exempt from the OCPA. Hartford relies on the exemption found at 15 Okla. Stat. § 754(2), which provides that the OCPA does not apply to: "Actions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state . . . ." *Id*.

Plaintiffs have pleaded that Hartford violated the OCPA by misrepresenting policy

---

[4]*Although it is titled a petition because the action was initially filed in state court, the court will refer to the pleading as a complaint.*

5

terms, failing to disclose policy information and by "accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing." Doc. #1-1, p. 15, ¶90. The court agrees with Hartford that those are insurance-related activities, which negate the OCPA's applicability. This type of conduct clearly falls within the regulatory authority of the Insurance Commissioner under the Unfair Claims Settlement Practices Act ("UCSPA"), 36 Okla. Stat. § 1250.1, *et seq* or is the type of conduct the Commissioner has the power to investigate under Article 12 of the Oklahoma Insurance Code. *See* 36 Okla. Stat. §§1203,1204(1),(2),1205.

Plaintiffs respond that just being regulated is not enough, the specific actions of which they complain – "engaging in unconscionable conduct by accepting insurance premiums but refusing to pay benefits due and owing without a reasonable basis; offering products that provide illusory coverage; offering replacement cost coverage and then not explaining the two step process" – must be regulated for the exemption to apply. Doc. #13, p.10. The complaint did not, though, refer to "illusory coverage' or to Hartford's failure to explain a "two step process." The crux of what plaintiffs did plead – that Hartford failed to conduct a fair investigation of their property damage and pay them benefits owed – is the type of conduct that clearly falls within the regulatory authority of the Insurance Commissioner under the UCSPA. The Commissioner is authorized to enforce the UCSPA, which prohibits insurers from "[k]nowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue," [f]ailing to adopt and implement reasonable standards for prompt investigations of claims arising

under its insurance policies or insurance contracts" and "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear." 36 Okla. Stat. 1250.5(2)-(4).[5] Plaintiffs' claim against Hartford under the Oklahoma Consumer Protection Act falls within the exemption set forth in §754(2) and will therefore be dismissed.

Finally, Hartford asks the court to dismiss plaintiffs' two bad faith claims. The court agrees that plaintiffs' eighth cause of action, which asserts "breach of common law duty of good faith and fair dealing" is duplicative of their other bad faith claim and will be dismissed.[6]

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012). To establish their bad faith claim under Oklahoma law, plaintiffs must prove more than a mere breach of contract. They must also prove that defendant acted unreasonably and in bad faith in handling their claim. *See* Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1093 (Okla. 2005) (reciting the elements of a bad faith

---

[5]Such acts constitute an unfair claim settlement practice if "committed flagrantly and in conscious disregard" of the Unfair Claims Settlement Practices Act or any rules promulgated under it or "committed with such frequency as to indicate a general business practice to engage in that type of conduct." 36 Okla. Stat. § 1250.3.

[6]Plaintiffs did not respond to defendant's request to dismiss their eighth cause of action, but instead contend they are entitled to pursue their bad faith tort claim. They thereby confessed that aspect of Hartford's motion. LCvR7.1(g).

claim and identifying "the insurer's unreasonable, bad-faith conduct" as the "essence" of such a claim).

Plaintiffs allege Hartford breached its duty to act in good faith and deal fairly with its insured by "[f]ailing to pay the full and fair amount for the property damage sustained" but do not identify the amount that ought to have been paid, the basis for their calculations, or the amount that was actually paid. They also claim defendant "[w]rongfully, intentionally and repeatedly fail[ed] to communicate all coverages and benefits applicable to Plaintiffs' claim" but do not suggest what communications occurred regarding coverages and benefits. Plaintiffs also allege that defendant's investigation was "outcome oriented" rather than "fair and objective," but offer no specifics other than their disagreement with the policy benefits they received. Doc. #1-1, p.5, ¶26.

With respect to their bad faith claim, as well as with all their claims, plaintiffs have offered little "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. As the Supreme Court stated in Twombly, that simply will not do. *Id.* Plaintiffs' bad faith claim alleged in their second cause of action will be dismissed.[7]

Accordingly, Hartford's partial motion to dismiss [Doc. #8] is **GRANTED.** All plaintiffs' claims, except for their breach of contract claim, will be dismissed. Plaintiffs will be granted leave to amend their bad faith tort claim within seven days, but are

---

[7]*As defendant points out, plaintiffs' counsel have made virtually identical bad faith allegations in multiple actions pending against various insurance companies in this district.*

cautioned that any amendment must conform to the requirements of the federal pleading code.  Leave to amend their other claims will not be granted, as it appears amendment of those claims would be futile.[8]  Defendant's motion for leave to file supplemental brief [Doc. #15] is **STRICKEN as MOOT**.

    **IT IS SO ORDERED**.

    Dated this 19th day of December, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[8]*To the extent the claims asserted in counts three through seven do not fail as a matter of law, plaintiffs did not provide any indication in their brief that they could allege a factual basis for those causes of action.*