IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY RIVERA, and<br>JAMIE RIVERA<br><br>　　　　Plaintiffs,<br><br>v.<br><br>HARTFORD INSURANCE COMPANY<br>OF THE MIDWEST a/k/a<br>THE HARTFORD,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No.: 5:14-cv-01082-HE<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' AMENDED COMPLAINT

**COME NOW** the Plaintiffs, Gregory Rivera and Jamie Rivera (hereinafter "Plaintiffs"), and for their causes of action against Defendant, Hartford Insurance Company of the Midwest a/k/a The Hartford (hereinafter referred to as "Defendant"), do hereby allege and state as follows:

## STATEMENT OF FACTS

1. Plaintiffs are residents and owners of property located at 121 SW 10th Street, Moore Oklahoma, 73160 (the "Property"), Cleveland County, and maintain an insurable interest in the Property.

2. Defendant is a corporation incorporated under the laws of the State of Connecticut, and is an insurance company registered to engage in the business of insurance in the State of Oklahoma.

1

3. Defendant is a broker/agent to Plaintiffs regarding all aspects of the sale of insurance products to Plaintiffs covering their property and its contents. Plaintiffs' contract for insurance was purchased directly from Defendant, The Hartford, and not by or through an independent or captured insurance agent or agency.

4. Plaintiffs entered into a contract for insurance with Defendant to provide coverage for their Property and its contents located in Clevland County, Oklahoma.

5. Defendant issued a Home Advantage homeowners policy, Policy No. 18 RB 158101 (the "Policy"), to the Plaintiffs providing coverage for the period of May 10, 2013 through May 10, 2014.

6. At the time Plaintiffs purchased the policy of insurance the Defendant was acting as a broker/agent for the Plaintiffs.

7. Defendant was familiar with Plaintiffs and has served as Plaintiffs' insurance broker/agent for their insurance needs; and Defendant advised Plaintiffs of the need to maintain replacement cost coverage on the Property.

8. Plaintiffs relied on Defendant's representations and purchased the same. Plaintiffs trusted and believed Defendant had the requisite insurance broker/agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiffs requested.

9. Moreover, Defendant represented to the Plaintiff that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiffs relied on such representations during the process of procuring the Policy.

10. On or about May 20, 2013, the Property insured by Plaintiffs under the subject insurance Policy was severely damaged as a direct result of a wind/hailstorm.

11. Plaintiffs timely and properly submitted a claim to Defendant for the Property damage incurred due to the catastrophic tornado.

12. Defendant confirmed that the cause of Plaintiffs' property damage claim was due to the tornado and that the loss was covered under the terms and conditions of the insurance policy with Defendant. In fact, Defendant assigned a claim number of P0011298867.

## **FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

13. Plaintiffs adopt and incorporate by reference paragraphs 1 through 12 above as if fully plead herein, and for further claims against the Defendant allege as follows:

14. Plaintiffs entered into a contract for insurance with Defendant to provide coverage for their dwelling and personal property.

15. At all times material hereto, the Home Advantage homeowners policy, Policy No. 18 RB 158101, was in full force and effect.

16. Plaintiffs provided timely and proper notice of their claims of property damage resultant from the May 20, 2013, catastrophic tornando.

17. Plaintiffs have complied with the terms and conditions and all conditions precedent under the Policy.

18. This notwithstanding, Defendant has breached its contractual obligations under the terms and conditions of the Policy with Plaintiffs by failing to pay Plaintiffs all benefits owed.

19. As a result of Defendant's breach of contract the Plaintiffs have sustained financial losses and have been damaged.

20. Defendant's conduct is the proximate cause of Plaintiffs' damages.

21. The conduct of Defendant was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

22. Plaintiffs are seeking damages in excess of $75,000.

## SECOND CAUSE OF ACTION - BAD FAITH

23. Plaintiffs adopt and incorporate by reference paragraphs 1 through 22 above as if fully plead herein, and for further claims against the Defendant and allege as follows:

24. Defendant owes a duty to Plaintiffs to deal fairly and act in good faith.

25. Defendant breached its duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

    a. Failing to pay the full and fair amount for the property damage sustained by Plaintiffs during the May 20, 2013, tornado loss in accordance with the terms and conditions of the insurance poilcy.

    b. Defendant has paid only approximately $74,227.30 to date as insurance proceeds on the underlying claim.

    c. Plaintiff's licensed Oklahoma General Contractor has estimated the repair costs to be $207,782. 20.

    d. By paying only approximately one-third of the actual damages to date –

4

over one a one-half years after the storm that caused the damage – the Defendant has unreasonably delayed paying all benefits owed.

e. Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiffs under the terms and conditions of the insurance Policy.

f. Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiffs' claim.

g. Forcing Plaintiffs to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the insurance contract.

h. Failing to conduct a fair and objective investigation of the damage to Plaintiffs' property.

i. Intentionally engaging in an outcome oriented investigation.

j. Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiffs and other similarly situated insureds as a cost-saving mechanism.

26. Defendant's obligations to the Plaintiffs arise from both express written terms under the insurance Policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

27. Defendant's failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

28. Defendant's conduct is a material breach of the terms and conditions of the

insurance contract entered into with the Plaintiffs and constitutes bad faith.

29. As a direct and proximate result of Defendant's unfair claims handling conduct, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid. Said actions resulted in additional profits and a financial premium to Defendant and damage to Plaintiffs.

30. As a result of the Defendant's conduct, the Plaintiffs have sustained financial losses, and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

31. The conduct of Defendant was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

32. The amount of punitive damages sought to be recovered is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

33. Plaintiffs further allege Defendant benfited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiffs pray for judgment against Defendant, Hartford Insurance Company of the Midwest a/k/a The Hartford for:

a. Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject policy of insurance for damage to thier dwelling and personal property caused by the May 20, 2013, tornado, together with interest on all amounts due;

b. Disgorgement of the incureased financial benefits derived by Defendants as a direct result of Defendants' wrongful or intentional, willful, malicious and/or reckless conduct;

c. Actual and punitive damages each in an amount in excess of seventy-five thousand dollars ($75,000.00);

d. The amount of punitive damages sought to be recovered for Plaintiffs' Bad Faith/Breach of the Common Law Duty of Good Faith and Fair Dealing action is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code; and

e. Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

                Respectfully submitted,

                *s/ J. Drew Houghton*
                J. DREW HOUGHTON, OBA# 18080
                FOSHEE & YAFFE
                P.O. Box 890420
                Oklahoma City, OK 73189
                Telephone: (405) 232-8080
                Facsimile: (405) 601-1103
                Email: dhoughton@fosheeyaffe.com
                *ATTORNEY FOR PLAINTIFF*

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

   I hereby certify that on this 23rd day of December, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants and/or in accordance with the Federal Rules of Civil Procedure:

Jodi W. Dishman, Esq.
Andrew J. Morris, Esq.
McAfee & Taft
211 North Robinson, 10th Floor
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
*Attorneys for Defendants, Hartford*
*Insurance Company of the Midwest*
*a/k/a The Hartford, Juan Elizondo*
*and Kenneth Soyk*

                *s/ J. Drew Houghton*
                J. DREW HOUGHTON, ESQ.