# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREGORY RIVERA, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. CIV-14-1082-HE |
| | ) | |
| HARTFORD INSURANCE COMPANY | ) | |
| OF THE MIDWEST a/k/a THE | ) | |
| HARTFORD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs Gregory Rivera and Jamie Rivera filed this action in state court against their insurer, Hartford Insurance Company of the Midwest a/k/a The Hartford ("Hartford"), and two adjusters, Juan Elizondo and Kenneth Soyk. They asserted various claims based on alleged damage to their property that occurred as the result of a May 2013 tornado. Hartford removed the action on the basis of diversity jurisdiction and filed a partial motion to dismiss. Plaintiffs and defendants then stipulated to the dismissal of plaintiffs' claims against defendants Elizondo and Soyk without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), leaving plaintiffs' claims against Hartford. The court dismissed all but plaintiffs' breach of contract claim, but granted them leave to amend their bad faith claim.

Plaintiffs filed an amended complaint and Hartford has again moved to dismiss their bad faith claim pursuant to Fed.R.Civ.P. 12(b)(6). The issue is whether, accepting all well-pleaded factual allegations as true and viewing them in the light most favorable to

plaintiffs, *see* S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014), plaintiffs have included in their complaint "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007).

The court previously rejected plaintiffs' bad faith claim because their allegations offered little "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. While plaintiffs alleged Hartford had breached its duty to act in good faith and deal fairly with them by "[f]ailing to pay the full and fair amount for the property damage sustained," the court noted they had not pleaded any underlying facts, such as the amount they thought they should have been paid, the basis for their calculations, or the amount that was actually paid. In their amended complaint plaintiffs filled in those specific gaps, stating that Hartford has only paid them approximately $74,227.30, that their "licensed Oklahoma General Contractor has estimated the repair costs to be $207,782.20," and that, "[b]y paying only approximately one-third of the actual damages to date – over one and one-half years after the storm that caused the damaged – the Defendant has unreasonably delayed paying all benefits owed." Doc. #17, pp. 4-5. The rest of plaintiffs' bad faith allegations are essentially identical to those the court previously rejected as insufficient to "raise [their] right to relief above the speculative level." Twombly, 550 U.S. at 555.[1]

---

[1]*The court notes that plaintiffs have once again relied on* Conley v. Gibson, *355 U.S. 41 (1957) and other cases that predate* Twombly *and* Ashcroft v. Iqbal, *556 U.S. 662 (2009). The Supreme Court rejected* Conley's *"no set of facts" language almost eight years ago in* Twombly.

The problem with plaintiffs' new allegations, as defendant points out, is that they do no more than state a claim for breach of contract – Hartford has paid plaintiffs less than what plaintiffs' contractor says it will cost to complete the repairs. Plaintiffs argue that an underpayment of the magnitude of $133,554.90, "alone is enough to pursue a bad faith claim." Doc. #23, p. 4. The court disagrees. While the sum of $133,554.90 may be the estimated repair costs, all of the repairs may not be covered losses. An insurer does not breach its implied duty to deal fairly and act in good faith with its insured merely by refusing to pay a claim or by litigating a dispute with its insured, so long as there is a legitimate dispute as to coverage or the amount of the claim, and the insurer's position is reasonable and legitimate. <u>Southern Hospitality, Inc. v. Zurich American Ins. Co.</u>, 393 F.3d 1137, 1142 (10th Cir. 2004). Plaintiffs simply have not pleaded sufficient facts to support an inference that Hartford acted unreasonably. While plaintiffs allege Hartford delayed payment, the only apparent delay is Hartford's delay in paying them the <u>balance</u> plaintiffs claim they are owed. Plaintiffs do not allege Hartford delayed paying them the amount Hartford determined was due under the terms of the policy.

Plaintiffs cite no authority in support of their argument that a disparity in payment alone is enough to allege bad faith. They attach two orders to their response brief which, they assert, "address[] the same argument raised by Defendant in this matter." Doc. #23, p. 4. In <u>SAB One, Inc. v. The Travelers Indemnity Co. of Conn.</u>, No. CIV-14-1085-D (W.D.Okla. Dec. 5, 2014) (Order disposing of motion to dismiss), the court noted that, while "Plaintiff argues that its pleading sufficiently states a claim of insurer's bad faith, . .

3

. Travelers does not seek dismissal of this claim." Doc. #23, Exhibit A, p. 2 n.2. In other words, the court did <u>not</u> in <u>SAB One</u> address the issue of whether the plaintiff had adequately pleaded a bad faith claim.

The plaintiff's bad faith claim was the subject of the second case cited by plaintiffs, <u>Quality Fuel, Inc. v. Employers Mut. Cas. Co.</u>, No. CIV-14-1229-D (W.D.Okla. Nov. 7, 2014). The court concluded in <u>Quality Fuel</u> that the allegations, which were identical to those alleged here, were "minimally sufficient." Doc. #23, Exhibit A, p. 14. The court might be more inclined to agree with that determination if plaintiffs' counsel had not included the same, conclusory allegations in multiple cases filed in this district. *See e.g.*, <u>SAB One</u>, Doc. #1-5, pp. 5-6; <u>Quality Fuel</u>, Doc. #1-1, pp. 5-6; <u>Choctaw Express Mart, Inc. v. Employers Mut. Cas. Co.</u>, No. CIV-14-1227-HE (W.D. Okla. Nov. 7, 2014), Doc. #1-1, pp. 5-6. However, accusing defendant of "[i]ntentionally engaging in an outcome oriented investigation" or "[i]ntentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiffs and other similarly situated insureds as a cost-saving mechanism" without some factual support simply is not sufficient. Doc. #17, p. 5. Stating that "[p]laintiffs, through discovery, will seek additional information to prove Defendant's conduct is intentional and profit driven," Doc. #23, p. 4, also is not enough to get plaintiffs past a motion to dismiss. "[O]ur pleading standard 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" <u>Jensen v. America's Wholesale Lender</u>, 425 Fed. Appx. 761, 764 (10th Cir. June 9, 2011) (quoting <u>Iqbal</u>, 556 U.S. at 678-79).

Allegations similar to those made in this case were rejected in Scheffler v. Am. Republic Ins. Co., 2012 WL 602187 (N.D. Okla. Feb. 23, 2012). They included assertions that the defendant had acted in bad faith by:

> A. Failing to promptly investigate Plaintiff's claim; B. Delaying payment to the Plaintiff; C. Intentionally misreading or misconstruing the insurance policy; D. Imposing burdensome documentation demands not required by the facts of the claim or the policy; and E. Other acts or omissions to be determined in discovery.

*Id.* at *3 (internal quotations omitted).

The court concludes the second amended complaint does not contain sufficient factual allegations to "nudge[]" plaintiff's bad faith claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Having determined plaintiffs have again failed to state a bad faith claim, the question becomes whether they should be given another opportunity to amend, as they request, or whether the claim should be dismissed with prejudice. The court recognizes that leave to amend is to be given freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). However, plaintiffs were given the opportunity to amend and made minimal effort to correct the pleading deficiencies. Their neglect in that regard, against the backdrop of their repeated refusal to even acknowledge the correct pleading standard, weighs against allowing them yet another attempt to state a bad faith claim. The court concludes two tries is enough.

Accordingly, defendant's partial motion to dismiss [Doc. #19] is **GRANTED**. Plaintiffs' second cause of action for bad faith is dismissed with prejudice. The breach of

contract claim remains for resolution.

**IT IS SO ORDERED**.

Dated this 9th day of March, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE